1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICKEY COFFER,                                  No.  2:19-cv-0938 AC P

12                          Plaintiff,

13         v.                                         ORDER AND FINDINGS AND
                                                      RECOMMENDATIONS
14    FOLSOM STATE PRISON,

15                          Defendant.

16

17          Plaintiff, a state prisoner at Folsom State Prison, has filed a motion for a temporary

18   restraining order or preliminary injunction preventing the prison from transferring him to another

19   prison before the conclusion of his grievance appeal.  ECF No. 1.

20          No other pleadings have been filed by the plaintiff.  An action is not formally commenced

21   until a complaint is filed as required by Rule 3 of the Federal Rules of Civil Procedure, and the

22   prisoner has either paid the required filing fee or filed an application requesting leave to proceed

23   in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).  The court cannot issue any orders

24   granting or denying relief until an action has been properly commenced.  Therefore, the

25   undersigned will recommend that plaintiff's motion be denied without prejudice.

26          The court further notes that prisoners have no reasonable expectation that they will remain

27   in any particular facility, and prison officials have broad authority to transfer prisoners from one

28   facility to another.  Meachum v. Fano, 427 U.S. 215, 225, 228 (1976).  "An inmate's liberty

1

interests are sufficiently extinguished by his conviction so that the state may change his place of

confinement even though the degree of confinement may be different and prison life may be more

disagreeable in one institution than in another." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.

1985) (citing Meachum, 427 U.S. at 224-25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)).

Accordingly, the possibility of transfer alone is not sufficient to demonstrate an irreparable harm

that would warrant a temporary restraining order or preliminary injunction.

It will be further recommended that this action be closed without the opportunity to file a

complaint. It is clear from the contents of the motion that any complaint related to the claims in

the motion would be unexhausted since plaintiff is currently going through the appeals process,

and prisoners must exhaust their administrative remedies *prior to* filing suit. 42 U.S.C.

§ 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."); Porter v. Nussle, 534

U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking

redress for prison circumstances or occurrences"). Plaintiff will be free to file a complaint

regarding the incidents in his motion once he has exhausted his administrative remedies by

appealing to the highest level or administrative remedies have become unavailable.[1] To the

extent it appears that plaintiff may be concerned that he would be unable to continue his appeal

after being transferred. Section 54100.18 of the California Department of Corrections and

Rehabilitation's Operations Manual explicitly provides for the continuation of appeals when an

inmate is transferred in the middle of the appeals process.

////

---

[1] In Ross v. Blake, the Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." 136 S. Ct. 1850, 1859 (2016). "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

1       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

2 assign a United States District Judge to this action.

3       IT IS FURTHER RECOMMENDED that:

4       1.  Plaintiff's motion for temporary restraining order or preliminary injunction (ECF No.

5 1) be denied.

6       2.  This action be dismissed without prejudice to plaintiff initiating a new action once his

7 administrative remedies are exhausted or administrative remedies have become unavailable.

8       These findings and recommendations are submitted to the United States District Judge

9 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10 after being served with these findings and recommendations, plaintiff may file written objections

11 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

12 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

13 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

14 (9th Cir. 1991).

15 DATED: June 3, 2019

16 

17 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28